DeWayne W. BASHAM, Individually and as a Shareholder in Midland Oil Building, Inc., an Oklahoma Corporation, Appellant,

v.

John H. HENDEE, Jr., Hal C. Kuehl, George F. Kasten, et al., Appellees.

No. 53382.

Court of Appeals of Oklahoma, Division No. 1.

March 11, 1980.

Rehearing Denied April 22, 1980.

Certiorari Denied June 16, 1980.

Released for Publication by Order of Court of Appeals June 19, 1980.

DeWayne W. Basham, Oklahoma City, pro se.

Luttrell, Pendarvis & Rawlinson by Robert L. Pendarvis, Norman, Elliott, Woodard, Rolston, Kelley & Metheny by Steven Metheny, Oklahoma City, for appellees.

ROMANG, Judge.

The three nonresident defendants, who are the sole Appellees in this appeal, filed their special appearances for the purpose of quashing service and objecting to jurisdiction and venue of the District Court of Oklahoma County. Plaintiff-Appellant failed to appear at the hearing thereof and said pleadings were sustained.

Thereafter Plaintiff-Appellant filed a pleading entitled "Motion to Strike Order and Hear on Merits." After hearing, the District Court sustained objections to the exercise of in personam jurisdiction over the three Defendant-Appellees.

The Plaintiff-Appellant, DeWayne W. Basham, has appealed from that ruling, and he states in his brief as follows:

The question before the Court on appeal: Was in personam jurisdiction established over the Appellee/Defendants, John Hendee, Jr., Hal C. Kuehl, George F. Kasten, when they were served on December 20, 1978 by a Deputy Sheriff of Milwaukee County, Wisconsin, in an action in which the national banking institution, of which they are directors has entered an appearance, waiving objections to jurisdictional issues and in which questions of conversion of, tortious interference with, and anti-trust violations, among other remedies are available under Statute, remain unsettled between the parties?

\* \* \* \* \* \*

[D]irectors of corporations have personal liability in the State of Oklahoma for the conversion of third persons' property by the entity of which they are managing directors, under *Preston-Thomas Const., Inc. v. Central Leasing, Inc. v. Central Leasing Corp.*, Okl.App., 518 P.2d 1125 (1973).

\* \* \* \* \* \*

The three named Defendants, John H. Hendee, Jr., Hal C. Kuehl, and George F. Kasten, Appellee/Defendants, have filed Affidavits in this action acknowledging their director capacity for the Defendant The First Wisconsin National Bank of Milwaukee, Wisconsin, at times material to this action. Their bank has entered a general appearance and thereby waived any objection to jurisdictional issues.

By entering an appearance the bank is in this suit as a defendant and under Preston-Thomas, supra, so are the directors.

\* \* \* \* \* \*

The real property and contract subject of this action are located in and were endorsed, respectfully, in Oklahoma County, Oklahoma.

When the three individual Appellees filed their pleas to the jurisdiction of the Oklahoma District Court, they also filed affidavits stating that they are residents of and domiciled in the State of Wisconsin; that they are officers and directors of First Wisconsin National Bank of Milwaukee which has its principal place of business in Milwaukee, Wisconsin and which does not maintain offices in any other state; that they, the three Appellees, have never transacted any business in Oklahoma nor committed any act in Oklahoma, or otherwise had any contact with the State of Oklahoma. The statements in said affidavits stand unchallenged.

The only mention of the three individual Appellees in Appellants' pleadings, is in the caption and in paragraph 57 of the "First Amendment to Petition" which reads:

Defendants Hendee, Jr., Kuehl, Kasten, "First Wisconsin" and their attorneys Defendants Bratcher and "Crowe Dunlevy", knew or should have known, as Defendant "Southwest Title", knew or should have known of the defective nature of the proported (sic) interest in title offered "First Wisconsin" by "D.M.I." Asserting of an interest in title to the property or an interest in the trust by any of these parties in the marketplace amounts to a combination in restraint of trade in the marketplace.

No authority has been cited, and none has come to our attention, which holds that the entry of a general appearance by a foreign corporation, confers jurisdiction over its officers and directors.

In *Powder Horn Nursery, Inc. v. Soil & Plant Lab., Inc.*, 20 Ariz.App. 517, 514 P.2d 270 (Ariz.App.1973), where participation of individual California defendants in connection with preparing soil analyses and soil treatment recommendations for Arizona nursery was strictly in their capacity as employees of California corporate defendant, and there was nothing to indicate that corporate entity had been utilized as sham or in any manner which would justify disregarding its existence, individual defendants did not have sufficient contacts with Arizona to give Arizona courts jurisdiction over the individual defendants who were served

pursuant to Arizona long-arm statute. And in the opinion, the court said:

The individual defendants have conducted no activities in this state, and from the record it appears that the services they rendered in California were solely in discharge of their corporate duties. While acts done by non-resident individuals in the scope of their employment or duties for a foreign corporation may be sufficient to establish *in personam* jurisdiction over their corporate employer, it does not necessarily follow that these same acts will be sufficient to support *in personam* jurisdiction over the non-resident individuals.

In the present case, there is nothing to indicate that the Wisconsin Bank had been used as a sham or in any manner that would justify disregarding its corporate existence.

In *World-Wide Volkswagen Corporation v. Charles S. Woodson, District Judge of Creek County, Oklahoma,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), the opinion reads in pertinent part:

The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. *Kulko v. Superior Court,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff,* 95 U.S. 714, 732–33, 24 L.Ed. 565 (1878). Due process requires that the defendant be given adequate notice of the suit, *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313–314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), and be subject to the personal jurisdiction of the court, *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the present case, it is not contended that notice was inadequate; the only question is whether these particular petitioners were subject to the jurisdiction of the Oklahoma courts.

As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum State. *International Shoe Co. v. Washington, supra,* at 316, 66 S.Ct., at 158. The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.

The protection against inconvenient litigation is typically described in terms of "reasonableness" or "fairness." We have said that the defendant's contacts with the forum State must be such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington, supra,* at 316, 66 S.Ct., at 158, quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 345, 85 L.Ed. 278 (1940).

\* \* \* \* \* \*

Hence, even while abandoning the shibboleth that "[t]he authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established," *Pennoyer v. Neff, supra,* 95 U.S. at 720, we emphasized that the reasonableness of asserting jurisdiction over the defendant must be assessed "in the context of our federal system of government." *International Shoe Co. v. Washington, supra,* 326 U.S., at 317, 66 S.Ct., at 158, and stressed that the Due Process Clause ensures, not only fairness, but also the "orderly administration of the laws," *id.,* at 319, 66 S.Ct., at 159. As we noted in *Hanson v. Denkla,* 357 U.S. 235, 250–251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958):

"As technological progress has increased the flow of commerce between the States, the need for jurisdiction over nonresidents has undergone a sim-

ilar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of *Pennoyer v. Neff*, 95 U.S. 714, to the flexible standard of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. [Citation omitted.] Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States."

Thus, the Due Process Clause "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *International Shoe Co. v. Washington, supra*, at 319, 66 S.Ct., at 159. Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment. *Hanson v. Denkla, supra*, at 251, 254, 78 S.Ct., at 1238, 1240.

Here, the three nonresident Appellees have not personally transacted any business in Oklahoma, or committed any act in Oklahoma, or otherwise submitted themselves to the jurisdiction of the State of Oklahoma. Therefore, their objections to jurisdiction were properly sustained. See 12 O.S.Supp. 1972, § 187, and 12 O.S.1971, § 1701.03.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.